have previously held that because the wrongdoing at the OCME was not known until 2014, incidents not falling within the relevant time period fail to qualify as *Brady* violations.[25] Therefore, the Superior Court's finding that no evidence supported Cannon's petition was not an abuse of discretion.

Finally, the overwhelming evidence of Cannon's guilt would neutralize any possible *Brady* violation.[26] Cannon admitted to possessing the illegal drugs, which was corroborated by a witness at the scene. Moreover, Cannon told police, in a *Mirandized* statement, that the drugs in the jacket were his, and that he bought them in Wilmington.[27] He admitted he possessed cocaine and marijuana.[28] Police found the jacket in the locked room where Cannon was found. Finally, the drugs found in Cannon's jacket field-tested positive for cocaine and marijuana. The evidence taken as a whole does not cast Cannon's conviction in a different light such that it undermines confidence in the verdict. Cannon's claim would fail even if we ignored the procedural bars to his claims.

**25.** *See Hickman v. State*, 116 A.3d 1243 (Del. 2015) (Table) ("The alleged misconduct by OCME employees was not revealed until 2014, and thus did not raise a concern that the State concealed material impeachment evidence, as required to find a *Brady* violation."); *see also United States v. Reyeros*, 537 F.3d 270, 281 (3d Cir. 2008) (prosecution has a duty to disclose evidence within its and its agents' actual knowledge and possession).

**26.** *See Kyles v. Whitley*, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) ("One does not show a *Brady* violation by demonstrating that some of the inculpatory evidence should have been excluded, but by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."); *Thompson v. State*, 919 A.2d 562 (Del.2007) ("Reversal under *Brady* is required only when the defendant is able to show 'that the favorable evidence could rea-

NOW THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

Max TURNER, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 669, 2014

Supreme Court of Delaware.

Submitted: November 4, 2015

Decided: November 9, 2015

Court Below—Superior Court of the State of Delaware, in and for New Castle

sonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.' "); *Jackson v. State*, 770 A.2d 506, 517 (Del.2001) (confidence in guilty verdict in capital murder prosecution was not undermined by *Brady* violation).

**27.** App. to Answering Br. at 73, 79 (Trial Test. of Cpl. Rodney Layfield). Possession with intent to deliver requires possession of a controlled substance with intent to deliver it. *Morales v. State*, 696 A.2d 390, 394 (Del. 1997). To prove intent, the prosecution must provide expert testimony that the packaging and quantity of the heroin found in is consistent with an intent to sell the drugs rather than to use them personally. *Id.* The crime of possession with intent to deliver was repealed in 2011. 16 *Del. C.* § 4751 (Repealed).

**28.** App. to Answering Br. at 73 (Trial Test. of Cpl. Rodney Layfield).

County, Cr. ID. Nos. 1301011443A and 1301011443B.

AFFIRMED.

**Allen FAIR, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 317, 2015**

Supreme Court of Delaware.

Submitted: September 11, 2015

Decided: November 9, 2015

Court Below—Superior Court of the State of Delaware, in and for New Castle County, Cr. ID No. 1409020082.

AFFIRMED.

**Mark SMOLKA, Defendant-Below, Appellant,**

v.

**STATE of Delaware, Plaintiff-Below, Appellee.**

**No. 500, 2014**

Supreme Court of Delaware.

Submitted: November 6, 2015

Decided: November 9, 2015

Court Below—Superior Court of the State of Delaware, in and for New Castle County, Cr. ID No. 1308022148.

DISMISSED.

**Kyran JONES, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 115, 2015**

Supreme Court of Delaware.

Submitted: October 28, 2015

Decided: November 9, 2015

Revised: November 10, 2015

Court Below: Superior Court of the State of Delaware, in and for New Castle County, Cr. ID. Nos. 1307021270A and 1308004537

AFFIRMED.

