# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                               )
       v.                  )        ID No.     1301011443a
                               )
MAX TURNER,            )
                               )
     Defendant.        )

## ORDER

1. On this 9th day of January, 2024, upon consideration of Defendant Max Turner's ("Defendant") Motion to Modify the April 2014 Protective Order (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2. On April 7, 2014, in the course of litigation in this case, the State moved for a protective order to bar Defendant's counsel from providing Defendant with identifying information about civilian witnesses. At that time, several of the witnesses had "expressed fear to the State that if their identity bec[ame] known to the Defendant their safety could be jeopardized." The State asserted that Defendant's associates had attempted and would continue attempting to contact these witnesses.[2]

3. On April 9, 2014, the Court issued a protective order (the "Protective Order"), which provides as follows:

---

[1] D.I. 116.

[2] State's Mot. for Prot. Order Restricting Disc., *State v. Turner*, No. 1301011443 (Del. Super. Apr. 7, 2014).

Pursuant to Superior Court Criminal Rule 16(d)(1), upon good cause shown that a Protective Order is necessary to balance the State's interests in safeguarding the identity of its civilian witnesses with the need to permit Defendant's counsel to prepare efficiently for trial and to further encourage the exchange of information between the parties that would otherwise not be discoverable pursuant to Superior Court Criminal Rule 16, it is hereby ordered that counsel for the Defendant shall not disclose to the Defendant, his family, friends or agents, the identity of the State's potential civilian witnesses or from sharing with him, his family, friends or agents any documents, recordings, or transcripts containing the names of such witnesses or any documents, the content of which would lead to the identification of the civilian witnesses.[3]

4. On June 18, 2014, a Superior Court jury found Defendant guilty of Murder in the Second Degree, three counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), Assault in the Second Degree, Reckless Endangering in the First Degree, and Possession of a Firearm by a Person Prohibited ("PFBPP").[4]

5. On November 13, 2014, the Court sentenced Defendant to: (1) Murder, thirty-five years of Level V supervision; (2) PFDCF, a total of fifteen years of Level V supervision; (3) Assault, eight years of Level V supervision; (4) Endangering, five years of Level V supervision; and (5) PFBPP, fifteen years of Level V supervision, suspended after six years for six months of Level IV supervision, followed by two years of Level III supervision.[5]

---

[3] *State v. Turner*, No. 1301011443 (Del. Super. Apr. 9, 2014).

[4] The Delaware Supreme Court affirmed the conviction. *Turner v. State*, 2015 WL 6941264 (Del. Nov. 9, 2015).

[5] D.I. 66. On April 7, 2016, Defendant filed a *pro se* motion for trial transcripts. On April 16, 2016, this Court denied that motion because he did "not currently have a matter pending before

2

6. On December 19, 2016, Defendant filed *pro se* motions for postconviction relief and appointment of counsel.[6] On March 28, 2017, this Court denied both motions as untimely.[7]

7. In November 2017, Defendant filed a *pro se* application for a writ of habeas corpus in the United States District Court for the District of Delaware. On January 29, 2021, the District Court dismissed that application as "both time-barred and procedurally barred."[8]

8. On December 8, 2021, Defendant filed a second *pro se* motion for postconviction relief.[9] On April 20, 2022, the Court found that, while Defendant's motion was repetitive, it satisfied the exception in Superior Court Rule of Criminal procedure 61(d)(2)(ii) for subsequent postconviction motions.[10] The Court asked the Office of Conflict Counsel to appoint postconviction counsel for Defendant.[11]

---

the court which might require transcripts." *Turner v. May*, 2021 WL 311282, at *1 (D. Del. Jan. 29, 2021) (setting forth the procedural history of the case).

[6] D.I. 92.

[7] D.I. 95.

[8] *May*, 2021 WL 311282, at *1, 7 ("In the Court's view, reasonable jurists would not find this conclusion to be debatable.").

[9] D.I. 96.

[10] D.I. 100. The rule provides that a second postconviction motion need not be summarily dismissed when it "pleads with particularity a claim that a new rule of constitutional law, made retroactive . . . , applies to the movant's case and renders the conviction or death sentence invalid." Super. Ct. Crim. R. 61(d)(2)(ii).

[11] *Id.*

9. On October 19, 2022, this Court appointed postconviction counsel for Defendant.[12] On January 27, 2023, Defendant's postconviction counsel filed a motion to withdraw.

10. On March 3, 2023, Defendant filed the instant Motion, in which he asks this Court to modify the Protective Order to allow him to receive his case file with all victim and witness contact information redacted but with phone records unredacted. Defendant states that he needs the case file in preparation to petition for federal habeas corpus review.[13]

11. On April 3, 2023, Defendant filed an amended motion for postconviction relief.[14] On June 20, 2023, the State filed a brief in response to Defendant's amended motion for postconviction relief. On August 24, 2023, Defendant's trial counsel filed an affidavit in response to Defendant's allegation of ineffective assistance of counsel in the amended motion for postconviction relief.

12. On August 4, 2023, the Court granted the motion to withdraw filed by Defendant's postconviction counsel.[15] Defendant has since proceeded *pro se*.

13. On October 4, 2023, the State filed a brief in response to the Motion, in which it asks this Court to modify the Protective Order to allow the State to obtain the requested discovery materials from appointed counsel, redact them in accordance

---

[12] *State v. Turner*, No. 1301011443a/b (Del. Super. Oct. 19, 2022).
[13] D.I. 116.
[14] D.I. 114.
[15] *State v. Turner*, No. 1301011443a (Del. Super. Aug. 4, 2023).

with the Delaware "Victim's Bill of Rights," 11 *Del. C.* §§ 9401-9420, and forward them to Defendant.[16]

14. This Court has discretion to modify a protective order. The Court reviews a motion to modify a protective order by a standard that falls within a spectrum of stringency ranging from "extraordinary circumstances" to a "compelling need" to a "change in circumstances" since the protective order was entered.[17]

15. Circumstances have changed since the Court issued the Protective Order in April 2014. Within the nearly ten years that have passed, the trial ended, and Defendant and the State subsequently reached an agreement that Defendant should receive a redacted copy of the discovery materials to support his postconviction relief efforts.

16. The Court orders the State, in a manner consistent with the State's October 4, 2023 brief in response to the Motion, to (1) obtain the requested discovery materials from appointed counsel; (2) redact them in accordance with the Victim's Bill of Rights; and (3) forward them to Defendant. Defendant's Motion is **GRANTED.**

17. The Court hereby modifies the Protective Order to read as follows:

---

[16] D.I. 122; *see Hsu v. Wooters*, 2023 WL 6460278, at *1 (Del. Super. Oct. 3, 2023) (describing the Victim's Bill of Rights as 11 *Del. C.* §§ 9401-9420). On September 25, 2023, Defendant wrote a letter to this Court, in which he requested a copy of the State's brief in response to the Motion, but that brief had not yet been filed. D.I. 121. On October 6, 2023, Defendant wrote another letter to this Court, in which he reiterated his arguments in support of the Motion. D.I. 124.

[17] *Monsanto Co v. Aetna Cas. & Sur. Co.*, 1994 WL 233843, at *1 (Del. Super. Apr. 28, 1994).

Pursuant to Superior Court Criminal Rule 16(d)(1), it is hereby ordered that the State may obtain discovery materials from this case from Defendant's counsel, redact them in accordance with the Delaware Victim's Bill of Rights, 11 *Del. C.* §§ 9401-9420, and forward them to Defendant.

18. As stated in this Court's August 4, 2023 letter to Defendant and the State, Defendant has forty-five days from receipt of this order to file a reply brief that addresses any arguments raised in his trial counsel's affidavit and the State's response to the amended motion for postconviction relief.[18]

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:   Andrew J. Vella, Esquire

      Max Turner (SBI #00416831)

---

[18] *See State v. Turner*, No. 1301011443a (Del. Super. Aug. 4, 2023).