## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| v. | ) | ID No. | 1301011443a |
| | ) | | |
| MAX TURNER, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## ORDER

1. On this 7th day of March, 2024, upon consideration of Defendant Max Turner's ("Defendant") *pro se* Motion for Extension of Time (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2. On April 7, 2014, during litigation in this case, the State moved for a protective order to bar Defendant's counsel from providing Defendant with identifying information about civilian witnesses.[2] On April 9, 2014, the Court issued a protective order that barred Defendant's counsel from disclosing identifying information about potential civilian witnesses to Defendant and his relatives and associates (the "Protective Order").[3]

3. On June 18, 2014, a Superior Court jury found Defendant guilty of Murder in the Second Degree, three counts of Possession of a Firearm During the

---

[1] D.I. 127. Defendant describes the Motion as a "Motion to Stay All Proceedings," but the substance of the Motion is a request for a time extension, not a stay.

[2] At that time, several witnesses had "expressed fear to the State that if their identity bec[ame] known to the Defendant their safety could be jeopardized." State's Mot. for Prot. Order Restricting Disc., *State v. Turner*, No. 1301011443 (Del. Super. Apr. 7, 2014).

[3] *State v. Turner*, No. 1301011443 (Del. Super. Apr. 9, 2014).

Commission of a Felony ("PFDCF"), Assault in the Second Degree, Reckless Endangering in the First Degree, and Possession of a Firearm by a Person Prohibited ("PFBPP").[4]

4.  On November 13, 2014, the Court sentenced Defendant to: (1) Murder, thirty-five years of Level V supervision; (2) PFDCF, a total of fifteen years of Level V supervision; (3) Assault, eight years of Level V supervision; (4) Endangering, five years of Level V supervision; and (5) PFBPP, fifteen years of Level V supervision, suspended after six years for six months of Level IV supervision, followed by two years of Level III supervision.[5]

5.  On December 19, 2016, Defendant filed a *pro se* motion for postconviction relief.[6] On March 28, 2017, the Court denied that motion as untimely.[7]

6.  On December 8, 2021, Defendant filed a second *pro se* motion for postconviction relief.[8] On April 20, 2022, the Court found that, while Defendant's motion was repetitive, it satisfied the exception in Superior Court Rule of Criminal Procedure 61(d)(2)(ii) for subsequent postconviction motions.[9]

---

[4] The Delaware Supreme Court affirmed the conviction. *Turner v. State*, 2015 WL 6941264 (Del. Nov. 9, 2015).

[5] D.I. 66.

[6] D.I. 92.

[7] D.I. 95.

[8] D.I. 96. In the motion, Defendant argues that (1) the holding in *Taylor v. State*, 260 A.3d 602 (Del. 2021), justifies a new trial in this case and (2) Defendant received ineffective assistance of counsel at trial because trial counsel failed to challenge the constitutionality of a search warrant. *Id.*

[9] D.I. 100. The rule provides that a second postconviction motion need not be summarily dismissed when it "pleads with particularity a claim that a new rule of constitutional law, made retroactive .

7. On March 3, 2023, Defendant filed a motion to modify the Protective Order to allow him to receive his case file. Defendant stated that he needs the case file to prepare a petition for federal habeas corpus review.[10]

8. On April 3, 2023, Defendant filed an amended motion for postconviction relief.[11] On June 20, 2023, the State filed a brief in opposition to Defendant's amended motion.[12] On August 24, 2023, Defendant's trial counsel filed an affidavit in response to Defendant's allegation of ineffective assistance of counsel in the amended motion.

9. On January 8, 2024, the Court issued an order, in which it modified the Protective Order to read as follows:

> Pursuant to Superior Court Criminal Rule 16(d)(1), it is hereby ordered that the State may obtain discovery materials from this case from Defendant's counsel, redact them in accordance with the Delaware

---

. . , applies to the movant's case and renders the conviction or death sentence invalid." Super. Ct. Crim. R. 61(d)(2)(ii).

[10] D.I. 116.

[11] D.I. 114. In the motion, Defendant argues that (1) his Fourteenth Amendment rights to due process and equal protection were violated because the broadness of the Protective Order deprived him of the opportunity to request postconviction relief; (2) his Fourteenth Amendment rights to due process and equal protection and his Sixth Amendment right to self-representation were violated when the Court denied his motion for transcripts; (3) his Sixth Amendment right to confront witnesses against him was violated when the State read messages at trial that were purported to have been sent by an individual who did not testify at trial; and (4) the State failed to meet its burden to show accomplice liability beyond a reasonable doubt. *Id.*

[12] D.I. 115. In the brief, the State argues that Defendant's amended motion is procedurally barred because (1) the motion is untimely, repetitive, and subject to procedural default under Rule 61(i)(1)-(3); (2) *Taylor*, 260 A.3d 602 (Del. 2021), does not exempt the motion from the procedural bars of Rule 61; (3) Defendant has failed to show ineffective assistance of counsel under the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984); (4) Defendant failed to raise his claims before the Court entered a judgment of conviction; and (5) Defendant's accomplice liability argument was formerly adjudicated when the Delaware Supreme Court addressed a version of the same claim on direct appeal. *Id.*

Victim's Bill of Rights, 11 *Del. C.* §§ 9401-9420, and forward them to Defendant.[13]

10. In the order, the Court gave Defendant "forty-five days from receipt of this order to file a reply brief that addresses any arguments raised in his trial counsel's affidavit and the State's response to the amended motion for postconviction relief."[14]

11. On February 9, 2024, Defendant filed the instant Motion, in which he asks this Court for additional time to obtain and review the discovery materials forwarded from the State before filing his reply brief.[15]

12. In the interests of fairness and justice, the Court grants Defendant until sixty days after the current date of March 7th, 2024, to file a reply brief that addresses any arguments raised in his trial counsel's affidavit and the State's response to the amended motion for postconviction relief. The Court expects that this extension provides Defendant sufficient time to review the materials. To the extent that Defendant's Motion is consistent with this holding, the Motion is **GRANTED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[13] *State v. Turner*, 2024 WL 114757, at *3 (Del. Super. Jan. 9, 2024).
[14] *Id.*
[15] D.I. 127.

4