IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAX TURNER, | § | |
| | § | |
| Defendant Below, | § | No. 458, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1301011443A&B (N) |
| | § | |
| Appellee. | § | |

Submitted: January 6, 2025
Decided: February 27, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Max Turner, appeals from the Superior Court's order denying his second motion for postconviction relief.  The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Turner's opening brief that the appeal is without merit.  We agree and affirm.

(2)    After a seven-day trial in 2014, a Superior Court jury found Turner guilty of second-degree murder, second-degree assault, first-degree reckless endangering, and three counts of possession of a firearm during the commission of a felony.  The trial judge found Turner guilty of a severed charge of possession of a

firearm by a person prohibited. This Court affirmed on direct appeal on November 9, 2015.[1]

(3) Turner filed a motion for postconviction relief on December 19, 2016. The Superior Court denied the motion, holding that it was procedurally barred because it was filed more than one year after the judgment of conviction became final.[2] Turner did not appeal.

(4) In December 2021, Turner filed a second motion for postconviction relief. The Superior Court granted the accompanying motion for appointment of counsel. The court later granted appointed counsel's motion to withdraw under Superior Court Rule of Criminal Procedure 61(e)(7). After further submissions from Turner, the State, and trial counsel, a Superior Court commissioner issued a report concluding that Turner had not overcome the procedural bars to a successive motion for postconviction relief and recommending that the court deny the motion. A Superior Court judge adopted the commissioner's report and denied the motion.

(5) In his appeal to this Court, Turner argues that his trial counsel provided ineffective assistance by signing a protective order that limited Turner's access to

---

[1] *Turner v. State*, 2015 WL 6941264 (Del. Nov. 9, 2015). The mandate was issued on November 25, 2015, and entered on the Superior Court docket on December 1, 2015.
[2] *State v. Turner*, 2017 WL 7804296 (Del. Super. Ct. Mar. 28, 2017).

2

discovery materials.  He contends that the protective order hindered his ability to participate in his defense and to articulate postconviction claims.

(6)    Superior Court Rule of Criminal Procedure 61(d)(2) provides that a second or subsequent motion shall be summarily dismissed unless the movant was convicted after a trial and the motion pleads with particularity either that "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction. . . invalid."[3]  Turner's argument about the protective order does not assert any circumstances under Rule 61(d)(2) that overcome the procedural bars set forth in Rule 61, nor does Turner claim that the Superior Court lacked jurisdiction.[4]

---

[3] DEL. SUPER. CT. R. CRIM. PROC. 61(d)(2); *see also id.* R. 61(i)(2)(i) ("No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

[4] *Id.* R. 61(i)(5) (providing that the bars to successive and untimely motions for postconviction relief "shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs 2(i) or (2)(ii) of subdivision (d) of this rule").

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice